# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 15-3764

CHARMAINE HAMER,

           *Plaintiff-Appellant*,

*v.*

NEIGHBORHOOD HOUSING SERVICES OF CHICAGO & FANNIE MAE,

           *Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:12-cv-10150 — **Rubén Castillo**, *Chief Judge*.

ARGUED JUNE 2, 2016 — DECIDED AUGUST 31, 2016

Before POSNER and SYKES, *Circuit Judges* and YANDLE, *District Judge*.[*]

YANDLE, *District Judge*. Charmaine Hamer, a former Intake Specialist for the Housing Services of Chicago ("NHS") and Fannie Mae's Mortgage Help Center ("Fannie Mae") (together

---

[*] Of the Southern District of Illinois, sitting by designation.

2                                                                  No. 15-3764

"Appellees"), filed suit against her former employers, alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended. The district court granted summary judgment in favor of NHS and Fannie Mae on September 14, 2015. As such, pursuant to Fed. R. App. P. 4(a)(1)(A) and 28 U.S.C. § 2107(a), the original deadline for Hamer to file her Notice of Appeal was October 14, 2015.

On October 8, 2015, Hamer's counsel filed a "Motion to Withdraw and to Extend Deadline for Filing Notice of Appeal" in which she requested an extension to December 14, 2015 for Hamer to file her Notice of Appeal. The district court granted the motion and extended the deadline to December 14, 2015.

Hamer filed her Notice of Appeal with this Court on December 11, 2015; within the timeframe permitted by the district court's Order, but exceeding the extension allowable under Fed. R. App. P. 4(a)(5)(C) which provides: "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."

On December 31, 2015, we, *sua sponte,* entered an Order instructing the Appellees to file a brief addressing the timeliness of this appeal. They did so, arguing that Hamer's Notice of Appeal is untimely under Rule 4(a)(5)(C) and, therefore, that this Court lacks jurisdiction over her appeal.

No. 15-3764 3

Hamer asserts that the district court extended the time to file her Notice of Appeal pursuant 28 U.S.C. § 2107(c), which states in relevant part: "[T]he district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause." She contends that Rule 4(a)(5)(C) does not apply since the district court did not consider it when granting the extension. Hamer further argues that the Appellees waived their timeliness challenge by not initially raising it.

The Supreme Court has consistently held that the statutory requirement for filing a timely notice of appeal is "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 207, 209, 127 S. Ct. 2360, 2362, 168 L. Ed. 2d 96 (2007). In *Bowles*, the Court explained the relationship between the statutory filing period set forth in § 2107(a) and the district court's authority to extend that period under § 2107(c) and Rule 4:

> According to 28 U.S.C. § 2107(a), parties must file notices of appeal within 30 days of the entry of the judgment being appealed. District courts have limited authority to grant an extension of the 30-day time period…Rule 4 of the Federal Rules of Appellate Procedure carries § 2107 into practice. In accord with § 2107(c), Rule 4(a)(6) describes the district court's authority to reopen and extend the time for filing a notice of appeal after the lapse of the usual 30 days… *Id*. at 208. Like the initial 30-day period for filing a notice of appeal, the limit on how long a district court

4                                                                 No. 15-3764

> may reopen that period is set forth in a statute, 28 U.S.C. § 2107(c). *Because Congress specifically limited the amount of time by which district courts can extend the notice-of-appeal period in § 2107(c), that limitation is more than a simple 'claim –processing rule.'*(emphasis added). As we have long held, when an 'appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.' *Id*. at 213. (internal citation omitted).

Like Rule 4(a)(6), Rule 4(a)(5)(C) is the vehicle by which § 2107(c) is employed and it limits a district court's authority to extend the notice of appeal filing deadline to no more than an additional 30 days. Thus, the district court was in error when it granted Ms. Hamer an extension that exceeded the Rule 4(a)(5)(C) time period by almost 30 days.

Although we recognize that Ms. Hamer relied upon the district court's erroneous Order and was misled into believing that she had until December 14, 2015 to file her Notice of Appeal, this Court simply has no authority to excuse the late filing or to create an equitable exception to jurisdictional requirements. *See Bowles* at 214. Therefore, Hamer's Notice is untimely.

Finally, Hamer's argument that the Appellees waived the issue of the timeliness of her appeal also fails. When a filing error is one of "jurisdictional magnitude", forfeiture or waiver cannot excuse the lack of compliance with the statute's

No. 15-3764                                          5

time limitation." See Bowles at 213. Had the Appellees never challenged the timeliness of Hamer's Notice, they could not waive what this Court is bound by statute to uphold. Accordingly, because we have no jurisdiction to consider Hamer's appeal on the merits, it is dismissed.

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit